UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

 v.                 Case No. 08-CR-149

LACAHRO J BRIDGEFORTH,

    Defendant.

**ORDER DENYING MOTION FOR SENTENCE MODIFICATION**

    Defendant Lacahro J Bridgeforth pled guilty to Conspiracy to Distribute a Controlled Substance pursuant to a written plea agreement and on March 18, 2009, was sentenced to 160 months imprisonment. The case is again before me on Bridgeforth's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) to 139 months. The motion will be denied.

    Bridgeforth was convicted of conspiracy to distribute controlled substances and admitted that the offense involve at least five grams of crack cocaine, as well as heroin, in violation of 21 U.S.C. § 846 and 841(b)(1)(B). As a result of the fact that the offense involved at least five grams of crack cocaine and the government's filing of an information notifying the court of a prior conviction for a drug felony, Bridgeforth was subject to a ten-year mandatory minimum sentence. As part of the plea agreement, the parties stipulated that Bridgeforth was responsible for at least 35 but fewer than 50 grams of crack cocaine. Accordingly, in calculating the offense severity score, the parties anticipated a base level of 28 pursuant to the then applicable version of § 2D1.1(c) of the United

States Sentencing Guidelines. With that understanding, the government agreed to recommend a sentence within the applicable guideline range determined by the court.

As it turned out, however, the Pre-Sentence Report (PSR) recommended, and the court determined, that the base level was 32, instead of 28. The discrepancy was due to the fact that the Wisconsin Crime Laboratory found in post-plea testing that a larger amount of the cocaine attributable to Bridgeforth was crack cocaine. The court also added two-levels for use of a dangerous weapon and a two-level increase for Bridgeforth's role in the offense, resulting in an adjusted offense severity score of 36. The adjusted offense severity score was reduced by three levels for acceptance of responsibility. Given Bridgeforth's criminal history category of VI, the resulting sentence range was 235 to 293 months.

Notwithstanding the higher guideline range, the court sentenced Bridgeforth to 160 months in large part based on the understanding of the parties at the time of the plea. The government candidly admitted that it thought at the time that Bridgeforth's base level would be significantly lower, and felt uneasy recommending a sentence so far above what the parties had anticipated. It therefore recommended a sentence in the range based on the lower base level the parties had agreed to recommend, between 151 and 188 months. The defense agreed and recommended a sentence toward the bottom of the range recommended by the government. The court accepted the recommendation of the parties and in effect imposed a sentence based on a guideline calculation that disregarded the fact that a significant portion of the cocaine attributable to Bridgeforth was crack cocaine. In other words, Bridgeforth has already received more than the revised crack cocaine guidelines provide. Instead of reducing the disparity in the way powder and crack cocaine are treated under the Guidelines, the court imposed a sentence based on a calculation that eliminated

it entirely for a substantial portion of the cocaine attributable to the defendant. Given this history, it would make no sense to reduce Bridgeforth's sentence further.

As a matter of law, the court is precluded from granting Bridgeforth the reduction he seeks. Bridgeforth concedes that the amendments to the crack cocaine sentencing guidelines do not change the sentence range in his case. It remains 235 months to 293 months. For that reason and because he received a sentence substantially below the applicable sentence range, the court has no authority to reduce his sentence further. U.S. Sentencing Guidelines, § 1B1.10(b)(2)(A). Citing *United States v. McGee*, 553 F.3d 225 (2d Cir.2009), Bridgeforth argues that the court does have authority to grant the relief he seeks. But as the government points out, the reasoning in *McGee* was rejected by the Seventh Circuit in *United States v. Guyton*, 636 F.3d 316, 319 (7th Cir. 2011), and the application notes and commentary to Section 1B1.10 now make clear that *McGee*'s reading of that section is no longer tenable.

In sum, the court concludes it lacks the authority to grant Bridgeforth's motion. But even if the court had the authority to reduce Bridgeforth's sentence, it would not exercise its authority to do so in this case. For the reasons set forth on the record at the sentencing hearing, Bridgeforth's offense and prior record justified a substantial prison term. The crack/powder cocaine disparity played no role in his sentence and does not warrant a further reduction below the applicable sentence range under the guidelines. Accordingly, Bridgeforth's motion is denied.

**SO ORDERED** this ____12th____ day of August, 2013.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                   United States District Judge